No. 16,360.

JOHNSTON *v.* JOHNSTON, ADMINISTRATRIX.
(224 P. [2d] 949)

Decided November 13, 1950.

Mr. HENLEY A. CALVERT, Mr. EARL T. THRASHER, for plaintiff in error.

Mr. PHILIP S. VAN CISE, Mr. EDWIN P. VAN CISE, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

We shall herein refer to plaintiff in error as the wife, to Harold I. Johnston, now deceased, as the husband, and to Marie B. Johnston, administratrix, as the second wife. The record discloses that the husband and wife had accumulated by their joint efforts real estate consisting of a residence property, a three-terrace rental property, and a two-family rental property. The husband's expert witness testified that the value of these properties were respectively $9,000.00, $8,000.00 and $5,500.00, including furniture in the first, valued at $1,000.00, and in the second valued at $665.00. The wife's expert witness testified as to values of $8,000.00, $4,500.00 and $5,000.00 respectively, without mention of the furniture. They also had accumulated personal property consisting of stocks and bonds of a value of approximately $4,300.00, and a 1941 Dodge car, held by the wife; together with bonds and cash of the value of approximately $6,600.00, and a 1939 Buick car, held by the husband. There also were two insurance policies on the husband's life, for $6,000.00 and $2,000.00, in which the wife was beneficiary, and one for $4,000.00 in which their two sons were beneficiaries.

Prior to the husband's departure for overseas' military duty, he executed to his wife a power of attorney, and under that power she conveyed the three pieces of real estate to her sister, without consideration. Upon his return, the husband brought action for divorce and for setting aside the conveyance of the properties which had been made by the wife. Reconveyance was ordered by summary judgment, and, on May 27, 1948, interlocutory decree of divorce was entered in favor of the wife upon her cross complaint, without contest on the part of the husband. The wife was decreed to be a suitable person to have custody of their minor son, then eighteen years

of age. The other son had reached his majority. Provision was made for temporary alimony, but final support and division of property was left open for later determination without prejudice to the husband from the fact that the decree was entered in favor of the wife.

During the progress of the proceeding several hearings were had as to the possession of, and rentals from, their properties, and as to their respective earnings, debts and financial requirements. The wife twice changed attorneys with the result that those finally representing her at the hearings concerning property division were not informed as to the evidence which had been adduced concerning properties and debts at the several prior hearings. At those hearings the wife had testified as to her debts; as to rentals received by her, and vacancies in the rental property while her husband was away. Thereafter several tenants who had occupied the properties testified in direct contradiction to her statements, with the result that the court said: "However, with reference to the defendant's testimony the Court is compelled to say that it was not only not impressed by her testimony, but the Court considered some of her testimony false. * * * The testimony concerning the money which the defendant claims to owe her mother, Warren L. Sorrels, and others, was not only unsatisfactory but we have the proposition that where a person has testified falsely in one respect his or her entire testimony is tainted."

The case was set for hearing concerning division of property on March 28, 1949, at which time evidence was received from both parties as to the value of the real estate and there was agreement as to the value of certain personal property. No testimony appears as to the cash value of the insurance policies, and their ultimate value was of course dependent upon the life span of the husband. At that hearing, after testimony as to property values, the wife was called and interrogated as to numerous matters which were either immaterial or which

previously had been testified to or admitted or determined by the court. Many objections were interposed on the ground that questions had previously been asked and answered, with the result that the court apparently became exasperated at the repitition and waste of time and ordered the wife's counsel to obtain a transcript of the prior hearings so that they could study it and the court could have a copy, "and then we can tell what has been gone into and intelligently complete your case." The court also ordered that, during the interim, examination be made of the husband who was then in the hospital, to determine whether his deposition might be taken.

The case then was set for further hearing on April 14, 1949, at which time, after stipulation as to the value of certain stocks owned by the wife, the court ruled that "further testimony is superfluous and the Court orders that there be no further testimony in this case with reference to property settlement or property division." Counsel for the wife then made offer of proof by the wife that the premiums on three insurance policies were completely or largely paid by her out of her separate earnings, and that she claimed those policies as her separate property. This offer was denied by the court. Thereupon counsel for the wife made further offer of proof, "by the mother of the defendant and by the sister of the defendant that the amounts allegedly loaned by these persons to the defendant were actually made at the times and under the circumstances as testified to previously hereto by the defendant." Objection was made by counsel for the husband on the ground that the mother had been in court at prior hearings without taking the witness stand; that the sister had been a party to the case, and that the matter had been set for trial on that day and neither was present to testify. The court sustained that objection. Thereafter by its decree the court divided the property, awarding to the wife the residence property and the three terraces, together with

the furniture, and the stocks, bonds, and automobile held by her; and awarded to the husband the other properties; with provision that the $6,000.00 insurance policy and the $4,000.00 insurance policy be made payable to a trustee for the benefit of the two children, and the $2,000.00 insurance policy be made payable to the second wife, whom the husband had married in January of that year. Further provision was made for the payment of debts by the husband in the sum of approximately $500.00, and permission was given to apply for support for the then nineteen-year-old son at any time.

No challenge is here raised as to the property settlement being inequitable or unfair; but reversal is sought upon the single ground that the wife was foreclosed from introducing testimony as she desired at the hearing upon which the property settlement was based. It was the contention of counsel for the wife, as appears from his motion for further hearing, that she had been deprived of opportunity to present evidence, and that the court should permit further hearing as to division of the property and, "that this defendant be allowed at that hearing to introduce all evidence and testimony as in her judgment is necessary for a proper disposition of the property in question."

We think counsel for the wife is mistaken in this contention. The right to introduce testimony on any cause is not without restriction as to nature and time. Testimony may, and should, properly be restricted to matters which are relevant and material and not cumulative nor repetitious, and in the absence of cause shown for continuance, witnesses may properly be required to be present on the day set by the court for hearing.

Where the court orders testimony closed, it is the duty of counsel by offer of proof to point out to the court specifically the testimony desired to be introduced. Counsel for the wife made two such offers. One was that of testimony by the mother and sister of the wife to verify her testimony as to her debts. As to that, the

court said, subsequent to the offer of evidence, "There is no question in the Court's mind about this matter of debts. We went into that very fully." Further, the mother and sister, whose evidence was tendered, were not present to testify, although the matter had been set for hearing on that day, and no showing was made of excuse for their absence.

The other offer of proof, as to the insurance policies, that they were acquired during the married life of the parties, already had been admitted. The fact that the premiums were paid by the wife, or that she claimed them as her property, was immaterial, in view of the pooling of their joint earnings in all the properties acquired by them. The court specifically found that "the property owned by the parties has been accumulated by their joint efforts during their married life."

■ Further, the burden was on the wife to show that the evidence tendered had not previously been heard, yet the abstract does not set out the evidence adduced at the several prior hearings, nor is there other showing that the matters sought to be offered had not previously been received. Both the wife's then attorneys, and the court, had in their possession prior to the date of the last hearing a transcript of the earlier testimony, and we must presume they knew what it contained.

■ The fact that the prior testimony of the wife had been so thoroughly discredited that the court might give it no credence was not, as urged by counsel in behalf of defendant in error, a ground for refusal to receive further testimony from her, but did furnish an additional reason for the court's desire to avoid its repetition.

As the court found, at the time of the property division the wife was able to work and was employed, while the husband was then in the hospital, where he had been since early January and where he died a few weeks later. Consideration of the property division as made by the court discloses that it provided for the wife very generously by awarding to her much more than half in

value of the property they had jointly accumulated, while it left most of the insurance for the children. No indication of hostility or prejudice by the court toward the wife appears from the division, and we can find no appealing equity in her behalf.

The judgment is affirmed.

MR. JUSTICE JACKSON does not participate.