No. 20547.

Neta Jean Baldwin *v*. Jack Schipper.

(393 P.2d 363)

Decided June 22, 1964.

Mr. ROBERT L. McDOUGAL, Mr. JOSEPH G. STUDHOLME, for plaintiff in error.

Mr. DUANE O. LITTELL, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

THIS litigation stems from a two-car collision which occurred near (but not in) the intersection of Sheridan Boulevard and West 24th Avenue in Jefferson County. Sheridan Boulevard is a main arterial street running in a north-south direction, and the speed limit on this street on the date of the accident was 35 miles per hour. West 24th Avenue runs in an east-west direction and intersects Sheridan Boulevard at right angles. This intersection is controlled by stop signs which require all traffic on West 24th Avenue, whether eastbound or westbound, to "stop" before entering the intersection. In other words, Sheridan Boulevard is a so-called "through" street.

Mrs. Baldwin, the plaintiff, was a passenger in a vehicle being driven by her husband, James Baldwin, and the Baldwin vehicle just prior to the accident was proceeding in a northerly direction on Sheridan Boulevard, approaching the intersection of that street and West 24th

Avenue. Mr. Baldwin was traveling in the inside lane, i.e. the lane next to the center line of the street, and he testified that it was his intention to make a left-hand turn into a dairy which was located on the west side of Sheridan Boulevard some 50-60 feet south of the intersection. Mr. Baldwin testified that his headlights were on and that his turn indicator light was also on, though he made no hand signal indicating his intention to make a left-hand turn. He further testified that he slowed down before going into his turn, though he did not come to a complete stop, and thereafter he proceeded to make a left-hand turn across the western half of Sheridan Boulevard.

Meanwhile, Schipper, the defendant, was proceeding in a southerly direction on Sheridan Boulevard, approaching the intersection of that street and West 24th Avenue. He was traveling in the outer lane of travel and his testimony was to the effect that after traveling through this intersection the first thing he knew the Baldwin vehicle was in front of him and that he had no opportunity to apply his brakes before the impact. The right front fender of the Schipper vehicle collided with the right rear side of the Baldwin automobile.

At the conclusion of the plaintiff's presentation of evidence, Schipper moved for a directed verdict in his favor on the ground that, viewing the evidence in a light most favorable to plaintiff, as a matter of law there was no showing of any negligence on the part of Schipper which was a proximate cause of the personal injuries sustained by Mrs. Baldwin. The trial court granted this motion and directed the jury to return a verdict in favor of Schipper. Mrs. Baldwin now seeks reversal of the judgment dismissing her claim.

It is plaintiff's theory of the case that Schipper was negligent in three particulars: (1) he was speeding; (2) at the time and place of the accident he was driving under the influence of intoxicating liquor; and (3) his headlights were off when they should have been on. In

our view plaintiff's theory of the case is simply not borne out by the evidence and hence the trial court committed no error in its disposition of the controversy. A very brief recital of evidence adduced upon trial by Mrs. Baldwin will serve to demonstrate such to be the case.

■ As already mentioned, the posted speed on Sheridan Boulevard on the date of the accident was 35 miles per hour and there was no witness who testified that the defendant was exceeding the lawful rate of speed. Plaintiff makes a minor complaint that the investigation officer was improperly precluded from expressing his opinion as to the speed of the Schipper vehicle. In this connection it should be observed that this witness did not see the accident. Schipper laid down no brake marks prior to the impact. Plaintiff apparently hoped to get into evidence the officer's opinion as to the speed of the Schipper vehicle on the basis of the damage to the respective vehicles, their location after the impact, and skid marks made by the Schipper vehicle after the moment of impact. The trial court sustained Schipper's objection that there was an insufficient showing as to the witness's qualification to thusly opine. There was no real second effort to qualify the witness as an expert nor was there any offer of proof as to whether the officer even had any opinion as to speed, and if so, what it was. Such being the case, there was no error committed by the trial court in this regard. See *Atencio v. Torres,* 153 Colo. 507, 385 P.2d 659.

■ Evidence of intoxication on the part of Schipper was of a highly tenuous nature. One witness called by plaintiff testified that he detected the odor of alcohol on Schipper's breath. This, standing alone, is no evidence that Schipper was driving his vehicle in an intoxicated condition and that such misconduct caused the ensuing accident. In this connection, the investigating police officer stated that he did *not* notice any odor of alcohol on Schipper's breath and that his investigation uncovered

no evidence that Schipper had been drinking, let alone that he was intoxicated. Suffice it to observe that plaintiff's evidence of intoxication was too sketchy to have warranted submission of the case to the jury.

Finally, it is urged that there was evidence that Schipper was driving without his headlights on and this fact required submission of the entire matter to the jury. Evidence in this regard is also singularly lacking. Schipper when called for cross-examination by plaintiff testified that at the time of the accident it was growing dusk but that it was unnecessary to have headlights on in order to see. However, he stated, his headlights actually were on at the time. Neither Mr. nor Mrs. Baldwin could offer any evidence as to whether Schipper's headlights were on or off, neither of them seeing the Schipper vehicle before the moment of impact. One of plaintiff's witnesses, who was driving a truck in a northerly direction on Sheridan Boulevard some 200 feet behind the Baldwin car, testified that *he saw the Schipper car* (though for some unexplained reason the Baldwins did not) and that the lights on the Schipper car were off — not on.

The investigating officer testified that he received a radio report of the accident at 6 o'clock P.M., the accident having occurred a very few minutes before that hour. It was stipulated that on this particular day the sun set at 5:33 o'clock P.M. C.R.S. '53, 13-4-87 (1960 Perm. Supp.) declares that "lighted lamps are required [upon] every vehicle upon a highway within this state at any time from a half hour *after sunset* to a half hour before sunrise and at any other time when there is not sufficient light . . ." (Emphasis supplied.) We think that no more need be said to demonstrate that there was no evidence that Schipper was driving with his lights off at a time or under such circumstances as would require him to have his "lamps lighted."

In short, careful examination of the entire record convinces us that there was no such evidence of negligence

on the part of Schipper as to warrant or require submission of the matter to the jury. Instead of shifting its responsibility to the jury, the trial court acted quite properly in directing a verdict in favor of Schipper.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DAY concur.