No. 20409.

Ripple and Howe, Inc., *v.* Harvey C. Fensten, et al.
(399 P.2d 97)

Decided February 8, 1965.   Rehearing denied March 1, 1965.

Kenneth A. Selby, for plaintiff in error.

Gaunt, Byrne & Dirrim, for defendants in error Westminster Sanitation District, Carl Jacobson, George R. Losasso and Victor Wegman.

Clell W. Hardee & George B. Lee, for defendants in error Harvey C. Fensten and Cecil Drydan Broyles, d/b/a Broyles, Newman and Fensten.

Gorsuch, Campbell, Walker & Grover, for defendant in error Edward Ivy Newman.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Ripple & Howe, Inc., a Colorado corporation which will hereinafter be referred to as Ripple, filed a fifteen page complaint containing some one hundred separately num-

bered paragraphs wherein it sought actual damages in a total amount of $380,000 and exemplary damages totaling $200,000 from one or all or any combination of some nine different defendants. Upon trial to a jury it took Ripple seven days to present its case, most of the testimony coming from several of the defendants by way of slow and painful cross-examination. When Ripple rested its case, each of the defendants promptly moved for a directed verdict on the ground that Ripple had failed to establish a *prima facie* case. These motions were granted and the trial court thereupon entered a judgment dismissing the complaint. By the present writ of error Ripple seeks reversal of this judgment.

As is indicated above the complaint, together with the seven page amendment thereto, is clearly subject to the accusation of being prolix. Most certainly it is *not* the "short and plain statement of the claim showing that the pleader is entitled to relief" envisioned by Rule 8, R.C.P. Colo. From a study of the complaint and the amendment thereto we believe, however, that the gravamen of Ripple's grievance is as follows:

1. as of March 31, 1958, and for many years prior thereto Ripple was employed by the Westminster Sanitation District as the latter's "district engineer";

2. for some three years prior to March 31, 1958, one Fensten was an employee of Ripple and as such represented Ripple in its numerous dealings with the Westminster Sanitation District;

3. on March 31, 1958, Fensten terminated his employment with Ripple and thereafter with Broyles and Newman formed an engineering firm known as Broyles, Newman & Fensten;

4. that very shortly thereafter Fensten on behalf of Broyles, Newman & Fensten entered into business negotiations with the Westminster Sanitation District;

5. that in these negotiations Fensten, "in violation of

his duty" to Ripple—his erstwhile employer—, used maps, records and drawings belonging to Ripple; and

6. that as a result of these negotiations between Fensten, then acting for Broyles, Newman & Fensten, and the Westminster Sanitation District, Ripple was damaged in the following particulars:

(a) its "oral contract" whereby it was serving as the district engineer for the Westminster Sanitation District was unlawfully breached and terminated, and Broyles, Newman & Fensten "supplanted" Ripple as said district engineer and as such was awarded a contract for "plant expansion" of the District's facilities;

(b) Ripple also suffered damages because certain contracts, which by virtue of "custom and usage of the business community" had been in the past awarded to it as the district engineer for the Westminster Sanitation District, have now been awarded to Broyles, Newman & Fensten.

It was on the basis of this alleged set of facts that Ripple brought its action against Fensten and the firm of Broyles, Newman & Fensten, as well as the Westminster Sanitation District and its several directors.

As indicated above, the trial court directed a verdict in favor of the defendants on the general ground that Ripple had failed to etsablish a *prima facie* case and in so doing specifically noted that Ripple had completely failed to produce any evidence that Fensten in any way used any maps, records or drawings belonging to Ripple or that Ripple had any contract whatsoever to serve as the district engineer for the Westminster Sanitation District. We have painstakingly examined the record, all 2372 folios, and conclude that the trial court committed no error in its disposition of the controversy and was eminently correct in directing a verdict in favor of the defendants.

■ The record before us is not a model of clarity and at times is indeed exceedingly difficult to follow, but it

nonetheless does establish that the only maps, records and drawings used by Fensten in the preparation of his various plans and bids were documents which belonged to Westminster Sanitation District and *not* to Ripple. Hence, Ripple's allegation that Fensten used *its* maps, records and drawings is not supported by any testimony.

Similarly, Ripple's averment that it was under contract to serve as the district engineer for the Westminster Sanitation District finds no support in the record. As a matter of fact the record discloses the exact opposite. There is no dispute but that for many years prior to March 31, 1958, Ripple did much work for the Westminster Sanitation District, but the record also establishes that all of this work was on a job-to-job basis. In other words, as the Westminster Sanitation District desired to have work done, Ripple was permitted to bid thereon and the bid was very frequently accepted. But there simply was no contract whereby Ripple was retained on any permanent basis to render continuing service to the Westminster Sanitation District as its "district engineer." When, for example, the District determined to expand its plant or facilities, Ripple was under no obligation to even bid on the contemplated work, and, if it did submit a bid, the District by the same token was under no obligation to accept the bid. Such being the state of the record, Ripple's contention that it was under contract to serve as the district engineer for the District and that this contract was "breached and terminated" when it was "supplanted" as district engineer by Broyles, Newman & Fensten, which company was later awarded a contract for "plant expansion," is but another instance where Ripple was again unable to establish, *prima facie,* that which it had alleged in its complaint.

It is apparent that Ripple's chief complaint is that Broyles, Newman & Fensten and the Westminster Sanitation District and its directors conspired to the end

that a present, existing contract of employment between Ripple and the District was repudiated. The trial court determined, and rightly so, that there was no evidence to support this allegation and with that determination for practical purposes Ripple's entire case collapsed. Accordingly, Ripple's further contention that the trial court erred in excluding certain exhibits and in limiting its cross-examination of the defendants has been examined and also found to be wanting.

In short, if the trial court on the record before it had permitted this matter to go to the jury it would have been improperly shifting its responsibility to the jury and accordingly the trial court acted quite properly under the circumstances in directing a verdict for the defendants. *Baldwin v. Schipper,* 155 Colo. 197, 393 P.2d 363. Hence the judgment is affirmed.

Mr. Justice Moore and Mr. Justice Schauer not participating.