No. 21537.

Denver Decorators Inc., a Colorado Corporation *v.* Twin Teepee Lodge, Inc., a Colorado Corporation.
(431 P.2d 8)

Decided August 21, 1967

Francis S. Mancini, Philip E. Lowery, for *plaintiff in error*.

McVicker, Woodford & Myers, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

This is a mechanics' lien case wherein Denver Decorators, Inc. sought to enforce a mechanics' lien against certain real property owned by the Twin Teepee Lodge, Inc. Denver Decorators, Inc., a Colorado corporation engaged in carpentry and painting work, will hereinafter

be referred to as Decorators and the Twin Teepee Lodge, Inc., will be referred to simply as the Lodge.

As indicated above, the Lodge owned certain improved property in Jefferson County and on or about November 1, 1962 it leased these particular premises to one Gary Fred Kessler. A day or two later Kessler entered into a contract with Decorators whereby Kessler agreed to pay Decorators the sum of $3,000 for certain carpentry and painting work to be rendered by Decorators upon the improvements located on the leased premises. On or about November 6, 1962, then, Decorators came onto the premises in question and began to perform the services called for by the contract with Kessler. This work was completed on or about November 15, 1962 and a day later Decorators filed its lien statement in the office of the county recorder.

Not having been paid the money due it from Kessler, Decorators filed a complaint against both Kessler and the Lodge. However, Decorators was unable to obtain service of process upon Kessler, and hence the action proceeded only as to the Lodge, upon which service had been obtained. As concerns the Lodge, Decorators sought to foreclose a mechanics' lien, and in this connection Decorators alleged in its complaint, among other things, that the Lodge "did not within five days after obtaining notice of the alteration, repair and construction of the improvements, give notice . . . by posting and keeping posted in a written or printed notice, in a conspicuous place on the property, as provided by C.R.S. 1963, 86-3-5, that their interest in the property should not be subject to any lien." This particular allegation was denied by the Lodge in its answer.

Upon trial by way of opening statement counsel for the Lodge declared that his primary defense was that the Lodge's president, a Mr. Floyd Saum, had posted an "owner's notice of non-liability" as provided for in C.R.S. 1963, 86-3-5, and that accordingly the property in question was not subject to any lien in favor of Decorators.

In this connection Saum testified that on November 9, 1962 he on behalf of the Lodge did in fact post a written notice that its "interests shall not be subject to any lien" upon both the front and back door of the building situate on the premises here in question. Saum elaborated further by testifying that these signs were torn down by parties unknown and that he had to replace these notices on two occasions. Saum's testimony in this regard was corroborated by the real estate salesman who had negotiated the lease between the Lodge and Kessler. Workmen for Decorators testified, however, that they never did see any notice of non-liability posted on the property in question.

It was upon conflicting evidence, then, that the trial court found as a matter of fact there had been a posting by the owner of a notice of non-liability as provided for by C.R.S. 1963, 86-3-5, and accordingly entered judgment in favor of the Lodge. It is this Judgment which Decorators now seeks to be reversed.

Decorators contends that the judgment should be reversed for any one of several reasons, but in our view none of the assigned error is possessed of merit. First, Decorators argues that the question as to whether there had been a posting by the Lodge of a notice of non-liability was not even an issue in the case because Lodge failed to affirmatively plead the matter in its answer. It is true that in *Fisher v. McPhee & McGinnity*, 24 C.A. 420, 135 P. 132 it was held that the posting now authorized by C.R.S. 86-3-5 is an affirmative defense "to be set up and established by the defendant." Counsel claims that the pleadings in the instant case are, *mutatis mutandis*, the same as those in *Fisher v. McPhee & McGinnity, supra*. We do not agree with this comparison.

In the instant case Decorators in its complaint alleged that there was no such posting, and this particular allegation was denied by Lodge in its answer. Furthermore, in his opening statement counsel for Lodge stated that his principal defense was this so-called five

day statute. To this assertion counsel for Decorators voiced no objection. Hence, the matter of posting certainly was a very material issue in the case, and it would appear from the record that from the very start all concerned were fully aware of this fact. It was only midway through the trial proper that counsel first suggested that the matter of posting was not really an issue in the case because the matter had not been affirmatively pleaded by Lodge in its answer. This objection came much too late and, as already indicated, we are of the view that this particular matter was placed in issue by the pleadings of the parties.

■■ Counsel alternatively argues that if the matter of posting be deemed an issue in the case, then the trial court committed error in "considering the testimony of the witness Saum because said witness was clearly impeached and therefore his testimony should not have been given any weight or credence whatsoever." Whether the witness Saum was impeached is, of course, a debatable question, and in any event is a matter to be determined by the trier of the facts, not us. The testimony of the witness Saum was competent, and the weight to be accorded this testimony is a matter lying well within the province of the trial court. *Byrne v. Stone & Birkle, Inc.*, 156 Colo. 445, 399 P.2d 940.

■ Lodge offered into evidence one of the "notices" it claimed to have posted on the premises. This exhibit bore the date "November 1, 1962." Inasmuch as this particular notice was admittedly not actually posted on November 1, 1962, counsel for Decorators claim that this is a "false document" and for that reason was improperly received into evidence. With this line of argument we do not agree. The witnesses for Lodge explained that November 1, 1962 was the date of the lease, and that it was for this reason that this particular date was placed on the notice. Moreover, two witnesses testified that this notice, bearing the date "November 1, 1962," was first posted on November 9, 1962, which would be three days

after Decorators commenced its repair work on the building on the leased premises. With this explanation, the exhibit was quite properly received into evidence and we perceive no error in this regard.

Finally, Decorators urges that the trial court erred in refusing to allow one of its witnesses to testify to a conversation which he claimed to have had with a representative of the Dunklee Realty Company. When objection was interposed to this line of questioning on the ground that there was insufficient showing of any agency relationship between the Lodge and the representative of the realty company, the matter was for all practical purposes dropped. No offer of proof in connection therewith was ever made. In this particular circumstance, there having been no offer of proof, we would not be justified in reversing the judgment even if the trial court committed technical error in excluding this line of testimony.

In this connection the general rule is that upon review an exception to the exclusion of evidence must be predicated upon an actual offer of proof and that such offer is made, ordinarily, by propounding a question to the witness and, upon objection thereto, then stating to the court what the testimony of the witness would be if permitted to answer. 3 Am. Jur. 97.

In a similar vein, see 4 C.J.S. pp. 895-899, where the following appears:

"As a general rule, in order to preserve for review an objection to the exclusion of evidence, a pertinent and proper question must be asked, and, on objection thereto, a proper offer of proof must be made at the time, showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility, including its materiality and relevancy to the issues in the case. Such an offer of proof is particularly necessary where the question asked of the witness does not itself indicate

that the answer to it will be material, competent, or favorable or beneficial to the party propounding the question."

■■ Colorado has long been in accord with the general rule on this particular subject. The underlying reasons for the requirement that there be such an offer of proof are believed to be obvious. In the first place, it serves to better inform the trial court to the end that its ultimate ruling will then be based upon a more complete understanding and grasp of the entire matter. Insofar as a reviewing court is concerned, an offer of proof is necessary to enable it to determine whether the error, if such it be, is prejudicial, or on the contrary is only inconsequential in nature. For example, there having been no offer of proof in the instant case, we do not know whether the testimony which Decorators sought to develop had any bearing on the issue of the posting of a notice of non-liability. For all we know, the proposed testimony was unrelated to the only real issue in the case, *i.e.*, was there a posting on the premises by the owner within the requirements of C.R.S. 1963, 86-3-5. All of which demonstrates the wisdom of the requirement that he who would obtain reversal of a judgment because of the exclusion of evidence offered by him must in connection therewith make a timely and adequate offer of proof. And such was not done in the instant case. See *Rhodig v. Cummings*, 160 Colo. 499, 418 P.2d 521; *Baldwin v. Schipper*, 155 Colo. 197, 393 P.2d 363; *Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552; *Berry v. Asphalt Co.*, 146 Colo. 112, 360 P.2d 980; *Johnston v. Johnston*, 123 Colo. 28, 224 P.2d 949; and *Parker v. Hilliard*, 106 Colo. 187, 102 P.2d 734.

In disposing of this latter ground of alleged error on the basis that there was a failure to make an offer of proof, we would not want to be understood as intimating that the trial court committed "technical error" in excluding the line of questioning to which objection was made. To the contrary, evidence of an agency relation-

ship was very sketchy, at best. But in any event, such would not justify a reversal of the judgment entered by the trial judge upon conflicting and disputed evidence.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.