## MELVIN O. BEIER v.
## INTERNATIONAL HARVESTER COMPANY
## AND ANOTHER.

178 N. W. (2d) 618.

June 26, 1970—No. 41842.

*Murphy & Kalar,* for appellant.

*Sullivan, Hanft, Hastings, Fride & O'Brien* and *William P. O'Brien,* for respondent International Harvester Company.

*Reavill, Neimeyer, Johnson, Fredin & Killen* and *John J. Killen, Jr.,* for respondent Maki.

Heard before Nelson, Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment of the district court entered pursuant to a verdict directed in defendants' favor. The action arises out of an August 16, 1965, single-truck accident which occurred

when the lugs securing the right rear dual wheels sheared off, causing the wheels to fall off and the truck to tip over on its right side. The undisputed cause of the accident was that the right inner dual wheel lug nuts had become loose, thus permitting the right inner dual wheel to wear against the lugs and resulting ultimately in the lugs securing the dual wheels shearing off.

The truck, owned and operated by plaintiff, was a new International Harvester truck purchased in April 1965 from defendant Cliff Maki, an International Harvester dealer, and was the third International Harvester truck which plaintiff had owned. After picking up the truck at the factory in Springfield, Ohio, plaintiff took it into Maki's garage for the 1,000-mile checkup.

Plaintiff apparently next took the truck into Maki's garage for the 10,000-mile checkup, at which time he requested Maki to tighten the lug nuts on the rear dual wheels. Shortly after this, plaintiff noticed that one of the lug nuts securing the outside dual wheel was loose and had a service station attendant tighten it. He then returned to Maki's garage and requested Maki to tighten up some loose parts, among which were the loose lug nuts. Maki apparently told plaintiff that he could not do it that day and that plaintiff should return in a few days to have it taken care of. Plaintiff never returned. Rather, he drove to Minneapolis in furtherance of his truck business, and on the return trip the accident occurred.

The truck was equipped with dual rear wheels which were mounted with "Budd" mountings. With this type of mounting, the inner dual wheel is placed over the hub and secured to it with five double-threaded lug bolts. These "Budd" mounting bolts have threads on both the inside and the outside and turn onto the protruding bolts on the hub; the outer dual wheel is then placed over the five double-threaded lug bolts and is secured in place with lug nuts which turn onto the outside threads of the double-threaded lug bolts. The truck also came with a tool designed to secure these mountings. Plaintiff admitted that he was familiar with the proper method of mounting the inside and

outside dual wheels. It is conceded by all that if these double-threaded lug bolts securing the inner dual wheel become loose, the outer nuts securing the outer dual wheel must be backed off before the double-threaded lug bolts securing the inner dual wheel can be tightened. Once the double-threaded lug bolts securing the inner wheel are tight, the outer lug bolts securing the outer dual wheel should then be tightened. The manufacturer (defendant International Harvester) provided a manual with the truck which diagrammed the wheels and described proper mounting procedures and also explained how to properly tighten the inner bolts and the outer nuts securing both wheels to the hub. The manual also noted that "[r]egular inspection periods should be established to assure keeping the nuts tight." Although plaintiff had not read the manual, he admitted that he was completely familiar with these procedures and knew the potential dangers of a loose wheel.

Plaintiff claims that both defendants were negligent in failing to give adequate warning. It is his claim that he should have been warned that the double-threaded lug bolts securing the inner dual wheel could become loose while the outer lug nuts securing the outer dual wheel were tight. It is sufficient to say that it is clear from both the diagram in the truck manual and the explanatory testimony that such an occurrence is an impossibility. Consequently, the warning plaintiff claims he should have been given was not only unnecessary but is also misleading and improper. Westerberg v. School Dist. No. 792, 276 Minn. 1, 148 N. W. (2d) 312. It is clear that if the outer lug nuts securing the outer dual wheel are tight then the double-threaded lug bolts securing the inner dual wheel cannot *become* loose. If the outer lug nuts securing the outer dual wheel are tightened while the double-threaded lug bolts securing the inner dual wheel are loose, then the double-threaded lug bolts securing the inner dual wheel will be locked into a loose mounting, permitting the inner dual wheel to be loose and to remain that way unless and until the proper mounting procedure is utilized. Any more explicit instructions or warn-

ings regarding procedures to keep the wheels secured to the hub would have been superfluous since plaintiff admitted that he knew how to keep secure both the inner and outer dual wheels and also knew the hazards of upset from failure to do so. See, Hill v. Wilmington Chemical Corp. 279 Minn. 336, 156 N. W. (2d) 898.

Plaintiff also alleged that defendant Maki was negligent in failing to undertake to tighten the lug bolts and nuts in the 10,000-mile checkup. However, there is simply no evidence in this record to support a finding of negligence in this respect.

Affirmed.