525 P.2d 1198 (1974)
Fred HIIGEL, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION, a Delaware corporation, et al., Defendants-Appellees.
No. 73-116.
Colorado Court of Appeals, Div. I.
June 11, 1974.
Rehearing Denied July 2, 1974.
Certiorari Granted September 16, 1974.
*1199 H. D. Reed, Denver, for plaintiff-appellant.
Davis, Graham & Stubbs, Randall Weeks, Denver, for defendant-appellee General Motors Corp.
Williams, Trine & Greenstein, P. C., Boulder, for defendants-appellees Aspen Coach Corp. and Eldon Martin d/b/a Martin Motor Co.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a judgment for the defendants entered by the trial court. We affirm.
In January of 1971, plaintiff purchased a 25-foot motor home manufactured by defendant Aspen Coach Corporation (Aspen) from defendant Martin Motor Co., a retailer (Martin). The unit had been assembled by Aspen from various components which were mounted on a Chevrolet truck chassis manufactured by defendant General Motors Corporation (GMC).
In April and again in May 1971, plaintiff, while on business trips, experienced a variety of difficulties with the van, including engine trouble, a fire in the engine compartment, and two separate instances in which the lug bolts on rear tires sheared off.
Plaintiff contacted both Martin and Aspen concerning these difficulties. Aspen agreed to pay the expenses incurred with respect to the fire in the engine compartment, but it and Martin disclaimed any responsibility regarding the instances of wheel detachment.
In June of 1971, plaintiff filed a complaint against each of the defendants alleging three claims for relief based on (1) strict liability in tort, (2) implied warranty of merchantability (see C.R.S.1963, XXX-X-XXX),[1] and (3) express warranty (see C. R.S.1963, XXX-X-XXX). The complaint further alleged four items of damages.
At the close of plaintiff's evidence, the trial court, upon defendants' motion, dismissed plaintiff's claim for relief based on strict liability in tort. The case continued upon the two warranty claims.
Defendants sought to avoid liability with regard to the wheel detachment on the basis that the wheel lug nuts had sheared off because of either undertightening or overtightening by plaintiff. They alleged that an owner's manual had been supplied to plaintiff that informed him that the wheel nut torque had to be checked at certain specified periods. Whether or not this manual had been supplied became the primary factual dispute during the trial.
Plaintiff testified that he knew from personal experience (in his father's garage business as a young boy and from having owned a Dodge truck with dual wheels), that the lug nuts had to be kept "snug." In tightening the lug nuts, the plaintiff further testified that he used a heavy-duty socket wrench with a two-foot pipe extension for the purpose of increasing the leverage to tighten the lug nuts.
At the close of the evidence, the trial court found: (1) that plaintiff had failed *1200 to prove that the manual had not been delivered; (2) that the wheels had become detached from the motor home due to the improper maintenance of the vehicle following the sale; (3) that the motor home was of merchantable quality and was adequate for the plaintiff's purposes;[2] and (4) that if proper maintenance procedure had been followed, the vehicle would have performed satisfactorily. The court also found that Aspen was liable for the electrical fire problems under its express warranty and that it was responsible for consequential damages flowing from the fire problem. (No cross-appeal has been taken from this part of the judgment.) The court then gave judgment for the defendants on the remainder of the claims involving the malfunction of the wheel assembly.

I BREACH OF WARRANTY
Plaintiff's primary contention on appeal is that the trial court erred in finding no breach of implied warranty of merchantability against Aspen and in finding no breach of express warranty by Aspen and GMC. We disagree. The determinative issue with regard to this allegation of error is whether the trial court erred in finding that the motor home was of merchantable quality, i.e., "fit for the ordinary purposes for which such goods are used. . ." C.R.S.1963, XXX-X-XXX(2) (c).
Plaintiff does not argue on appeal that the evidence showed any physical defect in the wheel system. Nor is there evidence in the record which would support a finding that the design of the system was defective so as to render it unfit for ordinary use of the vehicle.
Instead, plaintiff argues that a breach of the implied warranty of merchantability should have been found on the basis of the alleged failure of the defendants to supply the owner's manual containing the critical maintenance information necessary to make the vehicle safe. This argument is fully answered by the court's finding that plaintiff failed to prove lack of delivery. This finding of fact, based on conflicting evidence, cannot be disturbed on review. Chartier v. Winslow Crane Service Co., 142 Colo. 294, 350 P.2d 1044; Bradford v. Bendix-Westinghouse Automotive Air Brake Co., Colo.App., 517 P.2d 406.
Plaintiff argues in addition, that even if the owner's manual had been provided, the information set forth therein was insufficient to bring to his attention the critical nature of the required wheel maintenance. Support can be found for the proposition asserted by plaintiff. See, e.g., Casetta v. U.S. Rubber Co., 260 Cal.App.2d 792, 67 Cal.Rptr. 645; Williams v. Brown Mfg. Co., 93 Ill.App.2d 334, 236 N.E.2d 125.
Assuming, without deciding, that the instructions from General Motors were not sufficient to warn the ordinary consumer of the danger associated with the critical wheel maintenance, we still cannot accept plaintiff's argument. His own testimony concerning his having worked in a garage and having previously owned a similar truck indicated his extensive knowledge of the workings of the wheel assembly and of the necessity for maintaining the proper torque on the lug nuts. The trial court specifically found that the cause of the wheel detachment problem was plaintiff's own failure to tighten the lug nuts properly. Plaintiff cannot complain that he did not receive instructions and warning regarding a matter which he understood and appreciated from his own prior experience. Beier v. International Harvester Co., 287 Minn. 400, 178 N.W.2d 618. See also Williams v. Brown Mfg. Co., 45 Ill.2d 418, 261 N.E.2d 305, 46 A.L. R.3d 226; Baker v. Rosemurgy, 4 Mich. App. 195, 144 N.W.2d 660.
The foregoing analysis applies equally to plaintiff's claims based on express warranty against Aspen and GMC. Neither defendant expressly purported to *1201 be selling a foolproof wheel attachment system which would operate properly regardless of the consumer's subsequent failure to maintain the vehicle. Cf. Hensley v. Sherman Car Wash Equipment Co., Colo.App., 520 P.2d 146.

II EXPERT TESTIMONY
Plaintiff also argues that the trial court erred in excluding certain testimony which plaintiff attempted to elicit from an expert witness. The witness was an engineer employed by General Motors Corporation, but was called by the plaintiff as his own witness. Upon redirect examination, plaintiff's counsel attempted to ask the witness about any improvements which might have been made in the wheel assembly system since the time of the sale of the chassis to Aspen, but prior to the sale of the motor home to plaintiff. Counsel for GMC objected on the grounds that admission of the evidence was against public policy. GMC's argument was based upon the general rule that evidence of subsequent repairs is inadmissable to show either negligence or a defect in the product. See Burr v. Green Bros. Sheet Metal Inc., 159 Colo. 25, 409 P.2d 511; Annot., 64 A.L.R. 2d 1296; L. Frumer & M. Friedman, Products Liability § 16A [e] [ii] at 3-338. The objection was sustained upon those grounds and also on the grounds that the inquiry was outside the scope of the cross-examination and thus was not proper upon redirect.
We do not find it necessary to discuss the merits of plaintiff's argument on this point however, since the offer of proof made by counsel was insufficient. The offer of proof indicated no more than counsel's expectation that the witness would testify that changes had been made in the wheel attachment system. There was no indication that counsel expected to establish that the changes had been made in response to some defective condition in the earlier model. Counsel made no request under C.R.C.P. 43(c) that the court receive the testimony in full in order to provide an adequate offer of proof.
Where there is no formal offer of proof under C.R.C.P. 43(c) and "where the reviewing court cannot determine without such offer whether or not the claimed error is prejudicial, the exclusion of the evidence will not be considered as a basis for reversal." American National Bank v. Quad Construction, Inc., 31 Colo.App., 373, 504 P.2d 1113. See also Denver Decorators, Inc. v. Twin Teepee Lodge, Inc., 163 Colo. 343, 431 P.2d 8; White v. White, 149 Colo. 166, 368 P.2d 417.

III STRICT LIABILITY CLAIM
Plaintiff also argues that the trial court erred in dismissing the strict liability claim on the grounds that the damages sought by plaintiff were not recoverable under that theory. However, the trial court's finding that the motor home was merchantable, as that term is defined in C. R.S.1963, XXX-X-XXX(2) (c), is tantamount to a finding that the vehicle was not, at that time, defective within the meaning of Restatement (Second) of Torts § 402A. Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305, 16 A.L.R.3d 670; L. Frumer & M. Friedman, Products Liability § 16A [4] [e] at 3-320 to 3-322. Thus, plaintiff could not have recovered under the strict liability theory, see Bradford v. Bendix-Westinghouse, supra, and the damages issues are moot.
Nor is it necessary to consider plaintiff's argument that the trial court erred in concluding that Martin could not be liable to him because it was only a sales agent for Aspen. Plaintiff has alleged no breach of warranty against Martin independent of the claims against Aspen. Thus, any error is likewise non-prejudicial to plaintiff.
Judgment affirmed.
SMITH and RULAND, JJ., concur.
NOTES
[1] Although there are several references in the briefs to fitness of the motor home for the intended purposes of the plaintiff, no warranty of fitness for a particular purpose under C.R.S.1963, XXX-X-XXX was alleged or proved at trial.
[2] While this finding refers to fitness for plaintiff's purposes, it is, in effect, a finding that the vehicle was fit for ordinary purposes under C.R.S.1963, XXX-X-XXX(2) (c) since no warranty of fitness for plaintiff's particular purposes was pleaded or proven.