Harriet LARSEN and Charles Larsen, Plaintiffs-Appellants,

v.

The ARCHDIOCESE OF DENVER, a Colorado Corporation sole, Defendant-Appellee.

No. 80CA0525.

Colorado Court of Appeals, Div. II.

April 2, 1981.

Rehearing Denied April 23, 1981.

Certiorari Denied July 27, 1981.

John Shanley, Robert N. Trunk, Pueblo, for plaintiffs-appellants.

Horan & Wegs, P. C., R. Paul Horan, Thomas J. Wegs, Denver, for defendant-appellee.

ENOCH, Chief Judge.

In this negligence action, plaintiffs, Harriet and Charles Larsen, appeal from a judgment entered pursuant to a jury verdict in favor of defendant, Archdiocese of Denver. We affirm.

Plaintiff Harriet Larsen slipped and fell in the parking lot of a church owned by defendant. The fall occurred when she attempted to walk through a shallow flow of water which was part of a surface drainage system that ran across the parking lot. There was algae present in the water flow.

Plaintiffs argue that the trial court erred by not taking judicial notice, pursuant to Colorado Rules of Evidence 201, that a slippery surface presents more than an ordinary risk of harm. We do not agree.

Contrary to plaintiffs' contention, the Colorado Rules of Evidence, effective January 1, 1980, did not broaden the scope of judicial notice. Colorado Rules of Evidence 201 generally codified Colorado case law, and is limited to judicial notice of adjudicative facts. *See* Colorado Rules of Evidence 201(a). An adjudicative fact is one that is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Colorado Rules of Evidence 201(b). Examples of adjudicative facts are given in the committee comment to Rule 201, such as a calendar date, *Sierra Mining Co. v. Lucero*, 118 Colo. 180, 194 P.2d 302 (1948); term of public office, *People ex. rel. Flanders v. Neary*, 113 Colo. 12, 154 P.2d 48 (1944); or statistical charts, *Good v. A. B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977). Whether certain conditions in a negligence action present more than an ordinary risk of harm depends upon the circumstances of each case, and thus, is not an adjudicative fact. In this case this was an issue for jury determination, and the trial court was correct in its ruling.

Plaintiffs also contend that the trial court erred in preventing the examination of defense witnesses on the subject of subsequent remedial repairs to the drainage system. Again, we disagree.

Evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct. However, this rule does not require exclusion when such evidence is "offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Colorado Rules of Evidence 407. We do not, however, reach the questions of whether plaintiffs were entitled to the application of one of the exceptions to the exclusionary rule because plaintiffs failed to make an adequate offer of proof.

Here, in plaintiffs' offer of proof, plaintiffs' counsel indicated only that he anticipated that the witnesses would testify that there had been subsequent repairs, but he admitted that he did not know whether that would be the testimony. Further, plaintiffs' counsel made no request for the court to receive, pursuant to C.R.C.P. 43(c), the testimony in full in order to provide an adequate offer of proof.

"Where there is no formal offer of proof under C.R.C.P. 43(c) and where the reviewing court cannot determine without such offer whether or not the claimed error is prejudicial, the exclusion of the evidence will not be considered as a basis for reversal." *Hiigel v. General Motors Corp.*, 34 Colo.App. 145, 151, 525 P.2d 1198, 1201 (1974) *rev'd on other grounds*, 190 Colo. 57, 544 P.2d 983 (1975).

Judgment affirmed.

SMITH and KIRSHBAUM, JJ., concur.