William **MELTON** and Bradley Melton, minors, By and Through their parent and next friend, Bryan **MELTON**, and Bryan Melton and Nancy Melton, Plaintiffs–Appellants,

v.

Donald **LARRABEE**, Jr., Defendant–Appellee.

No. 91CA0047.

Colorado Court of Appeals, Div. III.

April 9, 1992.

Rehearing Denied May 28, 1992.

Malman & Malman, P.C., Ruth C. Malman, Denver, for plaintiffs-appellants.

Burg & Eldredge, P.C., Matthew R. Giacomini, David P. Hersh, Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiffs, Bryan and Nancy Melton and their children, appeal from a judgment entered upon a jury verdict in favor of defendant, Donald Larrabee, Jr., in a negligence claim. We affirm.

Between 1977 and 1979, defendant, with the assistance of his father-in-law, built an addition to his residence. While constructing this addition, defendant installed water pipes on an exterior wall and insulated

them with heat-tape and fiberglass. Later, plaintiffs leased the residence.

Approximately seven months after plaintiffs occupied the residence, it was destroyed by a fire. At trial, plaintiffs contended that the improvements made by defendant were the cause of the fire. Specifically, plaintiffs alleged that defendant used the wrong type of insulation, installed the heat-tape improperly by wrapping it around two pipes, and negligently installed a thermostat. Consequently, plaintiffs claimed loss of personal property, emotional distress, and loss of income.

## I

■ Plaintiffs first contend that the trial court erred in preventing them from introducing evidence to rebut an allegation made during defense counsel's opening statement. We find no merit in this contention.

### A

Plaintiffs view defense counsel's opening statement to the jury as characterizing defendant as a competent and careful builder who took great care in the construction of the structure. Accordingly, plaintiffs assert that they were entitled to present evidence to establish otherwise. Specifically, plaintiffs allege that they should have been allowed to demonstrate a pattern of negligence in defendant's construction of the addition to the residence. We perceive no error.

The trial court ruled that evidence of defendant's character as a builder was inadmissible because it would be tantamount to impeaching defendant on a collateral matter. Instead, the trial court determined that plaintiffs would be limited to presenting evidence in relation to the manner in which defendant insulated the pipes and the manner in which he installed the heat-tape.

■ The purpose of an opening statement, whether in a criminal or civil action, is to inform the fact finder of the evidence which may be offered to support the claims of the parties. *Thompson v. People*, 139

Colo. 15, 336 P.2d 93 (1959). Opening statements of counsel usually consist of outlines of anticipated proof and are not intended as a complete recital of the facts to be produced on contested issues. *People v. Bustos*, 725 P.2d 1174 (Colo.App. 1986). Conversely, absent proper objections, the trial court is not required to determine whether evidence in support of the factual assertions will be admitted during the trial. Hence, we conclude that defense counsel's opening statement, standing alone, did not require the court to admit plaintiffs' proffered evidence.

### B

■ Plaintiffs next argue that the trial court erred in not admitting other evidence of defendant's general pattern of negligence in the construction of the addition to support their claims relative to the heat-tape and insulation. Specifically, plaintiffs assert that installing the water pipes in an exposed and uninsulated area on an exterior wall necessitated the building of a soffit and the application of heat-tape, which, in turn, inevitably led to the fire. We find no reversible error.

■ As a general rule, in order to preserve for review an objection to the exclusion of evidence, a proper offer of proof must be made. This offer of proof must demonstrate that evidence is admissible as well as relevant to the issues in the case. *Denver Decorators, Inc. v. Twin Teepee Lodge, Inc.*, 163 Colo. 343, 431 P.2d 8 (1967); *see also American National Bank v. Quad Construction, Inc.*, 31 Colo.App. 373, 504 P.2d 1113 (1972). The trial court is vested with broad discretion in determining relevancy. *See People v. Lowe*, 660 P.2d 1261 (Colo.1983).

Here, our review of the record fails to confirm that the proposed testimony would tend to establish any causal connection with the fire. The offer does not reflect that installation of water pipes on an exterior wall, standing alone, creates a fire hazard. Similarly, enclosing the pipes in a soffit is not linked by the offered evidence to a fire. Hence, the mere fact that these

two situations necessitate the use of heat-tape and insulation does not establish the requisite causal link because it appears from the record that heat-tape and insulation, when installed correctly, do not constitute a fire hazard. Accordingly, we are unable to conclude that the exclusion of this evidence was reversible error. *See* CRE 103(a); *Kedar v. Public Service Co.,* 709 P.2d 15 (Colo.App.1985).

## II

Plaintiffs further argue that the trial court erred in refusing to give to the jury two of their tendered jury instructions. We find no merit in this contention.

## A

■ The following jury instruction was tendered by plaintiffs but rejected by the trial court:

The owner of the premises has a duty to use reasonable care to *maintain* the premises in a reasonably safe condition in view of the foreseeability, if any, of injury to others. (emphasis added)

In rejecting this instruction, the trial court agreed with defense counsel that this case does not concern the maintenance of the property but rather it concerns the installation of the heat-tape.

■ A party is entitled to a jury instruction only when it is supported by the evidence and is consistent with existing law. *Federal Insurance Co. v. Public Service Co.,* 194 Colo. 107, 570 P.2d 239 (1977); *Scognamillo v. Olsen,* 795 P.2d 1357 (Colo. App.1990). Further, there must be more than a mere scintilla of evidence to support an instruction. Sufficient competent evidence is required. *Schmutz v. Bolles,* 800 P.2d 1307 (Colo.1990).

Here, our review of the record shows that there is insufficient competent evidence linking the maintenance or failure to maintain the residence with the fire. Instead, as previously stated, plaintiffs' evidence was directed to the alleged negligent installation of the heat-tape and the insulation of the pipes. Accordingly, plaintiffs'

tendered jury instruction was properly rejected by the trial court.

## B

■ We also reject plaintiffs' contention that the trial court erred in refusing to give the jury their tendered instruction on "inherently dangerous activity." That instruction read:

One carrying on an inherently dangerous activity such as installing heat tape must exercise the highest possible degree of skill, care, caution, diligence and foresight with regard to that activity, according to the best technical, mechanical, and scientific knowledge and methods which are practical and available at the time of the claimed conduct which caused the claimed injury. The failure to do so is negligence.

In arguing for this higher standard of care, plaintiffs contend that the installation of heat-tape is an inherently dangerous activity. Plaintiffs base this conclusion primarily on the fact that our supreme court has held that the transmission and use of electricity falls within that category requiring a higher standard of care.

In *Federal Insurance Co. v. Public Service Co., supra,* the court held that a higher degree of care standard is required only when: (1) the activity is inherently dangerous; (2) the defendant possesses expertise in dealing with the activity; and (3) the general public would not be able to recognize or guard against the potential danger. We conclude that the first criterion is absent here, and therefore, we need not address the other two.

■ The phrase "inherently dangerous activity" implies action or an affirmative act that necessarily creates a dangerous situation. The phrase applies to activities which by their very nature create a danger to the public that otherwise would not exist. *Mannhard v. Clear Creek Skiing Corp.,* 682 P.2d 64 (Colo.App.1983). However, we are unable to conclude based upon the record before us that installation of heat-tape is an activity analogous to selling explosive gases, supplying electricity, or operating an amusement park, all of which

have been found by our supreme court to constitute inherently dangerous activities. *See Pizza v. Wolf Creek Ski Development Corp.,* 711 P.2d 671 (Colo.1985). Hence, we decline to extend the doctrine of "inherently dangerous activity" to the installation of heat-tape, and the instruction was properly rejected.

We have considered and find no merit in plaintiffs' other contentions.

The judgment is affirmed.

METZGER and JONES, JJ., concur.