No. 19,532.

LOCARIO WHITE, ET AL. *v.* JOE WHITE, ET AL.

(368 P. [2d] 417)

Decided January 29, 1962.

Messrs. MARTINEZ & PIERCE, for plaintiffs in error.

Mrs. ELIZABETH A. CONOUR, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS action was filed in the district court of Saguache county, Colorado, by Locario White individually and as administrator of the estate of Julianita White, deceased, together with Gaspar White, Frank White, John White, Jacob White, Trinidad White, Amalia Espinoza, Guadalupe Baca, and Mary Cordova as plaintiffs, against Joe White and Arthur White as defendants. All of the parties are heirs at law of Julianita White who departed this life on or about April 26, 1957. They appear here in the order in which they appeared in the trial court and we will refer to plaintiffs in error as plaintiffs and to defendants in error as defendants or by name.

Two claims are contained in the amended complaint, the first of which is to set aside a certain quitclaim deed signed by Julianita White on November 30, 1955, filed and recorded on October 8, 1956, in Book 265 at page 443, of the records of the County Clerk and Recorder of Saguache county, Colorado, and purporting to convey to Joe White approximately 2600 acres of land located in said county. Possession of said lands is prayed for, and an accounting as to all his actions with respect thereto.

The second claim and the issues made with respect thereto form no part of the dispute presented in this court and we make no further reference to them.

The case was tried to the court and at the close of plaintiffs' evidence the trial court sustained a motion by defendants to dismiss the action.

It was alleged in plaintiffs' complaint that when the said deed was executed the grantor therein, Julianita White, was 76 years of age; that she was "extremely ill and weak and suffering from senility"; that because thereof and her inability to understand English she was incapable "of transacting business and of knowing the nature and effect of the act of signing the said deed"; that Joe White lived with his mother and was in a position to exercise undue influence over her and procured the execution of the deed by the exercise of undue influence, duress, fraud and deceit, and without payment of consideration of any kind; and that the said deed was not delivered but was secretly obtained from among her effects by the defendants and placed of record. These allegations of undue influence, duress, fraud and deceit were denied by defendant Joe White. Execution of the deed by Julianita White was admitted.

The evidence offered in support of the allegations of the complaint tended to prove the following facts: The father of the litigants, Joe White, died about thirty-three years prior to the time of the trial. He left the widow and eleven children, ten of whom were then living with the mother. They continued to operate the ranch and each in turn assisted the mother until such time as they reached maturity and established themselves in their own homes. Defendant Joe White was five months old when his father died. The last son to leave the home place was Trinidad. He and Joe had both helped their mother operate the ranch. For about three years Joe was left alone at the ranch with his mother. A daughter and her husband lived about two and one-half miles distant. The husband testified that he and his wife saw Mrs. White every day; that they helped her do the chores, "kind of look after her." Joe and several of the other children knew that the mother had been ill in 1955. After November, 1955, she went to visit Locario White at Crested Butte where she stayed until February, 1956.

■ On the issue of delivery of the deed, it is the contention of plaintiffs that they did not have the burden of proving nondelivery. They argue that it was incumbent upon defendants to establish that the deed was delivered to the grantee. C.R.S. '53, 118-6-1 (4) provides in this connection that:

"If such instrument (deed) shall have been acknowledged in the manner herein provided and shall have been recorded in the office of the proper county clerk and recorder, it shall also be prima facie evidence of the delivery of such instrument, irrespective of the length of time that may have elapsed between the date of such instrument and the date when such instrument was so recorded. * * * "

■ Plaintiffs alleged in their complaint that Joe White secured a deed from his mother and that he recorded that deed ten months after the date thereof. Defendants admit these allegations. Possession of the deed was thus admittedly in the defendant Joe White and was still in his possession at the time of the trial. In view of the statute above quoted, and the general rule of law that possession of a duly acknowledged and recorded deed is presumptive evidence of its delivery which places the burden upon the person who asserts nondelivery to prove that fact, it is clear that the trial court was correct in holding that there was no evidence offered by plaintiffs to establish nondelivery of the deed, and that the burden was upon them to establish that fact.

We find no error on the part of the trial court in refusing to apply the doctrine applicable to the facts present in *Hilliard, Adm'r. v. Shellabarger, et al.,* 120 Colo. 441, 210 P. (2d) 441; *Anderson, et al. v. Lindgren, Adm'r.,* 113 Colo. 401, 157 P. (2d) 687; *Zink, Executrix v. Carlile, et al.,* 126 Colo. 208, 248 P. (2d) 306; and *Lesser v. Lesser,* 128 Colo. 151, 250 P. (2d) 130. The general rule announced in those decisions is that where a fiduciary relationship is shown to exist between

parties to a transaction and the fiduciary is enriched thereby, the law presumes that the transaction was procured as a result of undue influence on the part of the fiduciary, and places upon him "the burden of repelling this presumption of illegality by evidence proving the transaction to have been in actual fact fair, just and reasonable." *Zink v. Carlile,* supra.

The cases relied on by counsel for plaintiffs are readily distinguishable on the facts from the case at bar. In the instant case the trial court found in part the following:

"The only evidence before this Court concerning the condition of the decedent, was that she was ill physically. There was no competent evidence in this case to show that at the time of the execution of this deed, that she didn't understand the nature of the transaction and that she was executing a deed in behalf of one of her children. There is no presumption in the law, that because a parent executes a conveyance in favor of one of his or her children, that that conveyance is not a lawful conveyance. The mere fact that the decedent was ill physically, is no authority for the Court to arrive at any conclusion that the decedent was not mentally capable of exercising her normal functions. There is evidence that the decedent knew in whose trust the deed had been placed, by the reason that she directed that she be taken to the office of the lawyer and apparently the deed was given her and she placed it in the care of one of her other sons and that the deed was delivered to her or one of the other three, but the evidence is not clear as to whom the deed was actually delivered at that time. The Court holds that that is somewhat immaterial. The evidence fails to suggest any active concealment on the part of the defendant as to the whereabouts of the deed. The decedent knew where it was and no attempt was made to deceive anyone. The deed was actually obtained and was later recorded. The mere fact that the issue in this case involved the valid-

ity or invalidity of the conveyance executed by one of the parents in favor of one of their children, does not relieve a plaintiff of the duty of proving the truth of the material allegations, at least by a preponderance of the evidence.

"Viewed in this most favorable light, the Court is unable, on the evidence presented here in Court at this time, to feel that the plaintiffs have met the burden imposed by law, proving the allegations of the Complaint by a preponderance of the evidence or at all, and is constrained to sustain the motion of the defendant for a non-suit or for a dismissal of the Complaint, and that will be the order in this case."

▆ We agree that there was no showing of the existence of a fiduciary relationship between Joe White and his mother which would give rise to a presumption of invalidity of the deed in dispute. The trial court did not err in this connection. See *Miller v. Ciruli,* 144 Colo. 90, 355 P. (2d) 114.

▆ It is argued that the trial court erred in refusing to permit a physician who examined Julianita White for the first time on September 19, 1956, to testify concerning her mental capacity on that date. This was ten months after the execution of the deed. The court refused the offer of proof. At no point in the examination of the physician was he asked whether he could express an opinion as to her mental condition at the time the deed was executed based upon the examination made by him on September 19, 1956. None of the children of Mrs. White testified that she was a mental incompetent. Their testimony was that she was physically ill — that she was sick. The most specific statement from any witness came from a daughter who stated:

"A. Well, the only thing that I noticed unusual, she seemed she had lost interest in everything. She just didn't care what happened; well, to her property or anything. She didn't care. She was just too sick to

think of anything but herself, of her sickness, I should say."

This witness stated that her mother's condition was much worse in 1956 than it was in 1955. This falls far short of showing a lack of mental capacity to execute a deed on November 30, 1955.

■ It is argued that the trial court erred in sustaining objection to questions propounded to Richard Bloss, an attorney who admittedly was an escrow holder of the deed at a time following its execution. No offer of proof was made and we cannot determine from the record before us whether the refusal to permit the witness to answer might have prejudiced the plaintiffs' case. Rule 43 (c) R.C.P. Colo. provides:

"In an action tried to a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed, except that the court upon request shall take and report the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged."

This rule was not followed in the premises. Moreover upon the state of the record as made in this connection the objections were properly sustained and any offer or proof, if consistent with the questions objected to, would properly have been denied.

The judgment is affirmed.

Mr. Chief Justice Day and Mr. Justice Frantz concur.