No. 21355.

HARVEY E. RHODIG *v.* MILDRED J. CUMMINGS.

(418 P.2d 521)

Decided September 26, 1966.     Rehearing denied October 24, 1966.

BURNETT, WATSON & HORAN, for plaintiff in error.

HINDRY, ERICKSON & MEYER, CHARLES F. BREGA, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

MILDRED J. CUMMINGS, defendant in error here, brought this action to recover damages from Harvey E. Rhodig, plaintiff in error here, for injuries allegedly sustained as a result of an automobile collision between her car and that of Mr. Rhodig on May 1, 1961. The parties will be referred to as they appeared in the trial court, or by name.

On May 1, 1961, at approximately 9:30 P.M., the plaintiff and defendant were both driving in a southerly direction along Federal Boulevard in the City and County of Denver. The plaintiff stopped to wait for left turning traffic at the intersection of Federal Boulevard and West 37th Avenue. The defendant was unable to stop his car in time and was thus caused to collide with the rear of the plaintiff's automobile. Plaintiff alleged that she sustained injuries to her neck and spine as a result of the collision as well as damage to her automobile. At the trial the amount of property damage to plaintiff's car was not contradicted and the trial court directed a verdict for the plaintiff as to liability and property damages in the amount of $100. The question of the amount of damages for the personal injuries to the plaintiff was then submitted to the jury,

which assessed her damages at $11,000. Judgment was entered on this verdict.

The defendant urges reversal on three grounds:

1. That the trial court erred in refusing to admit into evidence x-ray films labelled as defendant's exhibits 1 and 2.

2. That the trial court erred in refusing to allow two of the defendant's expert witnesses to express opinions as to the validity of the medical test known as a Discogram.

3. That the trial court erred in directing a verdict for the plaintiff as to liability for the plaintiff's personal injuries.

I.

Defendant's first assignment of error deals with the refusal to admit into evidence x-ray films of the plaintiff taken at Fitzsimons General Hospital. One of the films was used by the plaintiff's doctor in diagnosing and treating the plaintiff's condition, the other was not. The films were not offered into evidence by the plaintiff at the time of the plaintiff's doctor's testimony. However, the defendant requested an order from the court requiring the plaintiff to produce these x-rays so that he might have his doctors examine them. The trial judge so ordered and the x-rays were produced. Thereupon, during the cross-examination, the defendant attempted to introduce the x-rays into evidence. The trial court refused to permit their introduction.

The defendant, thereupon, made no offer of proof as to what he expected the rejected x-rays to disclose or what he expected to prove by their admission. The record shows that he had had an opportunity to have his physicians examine the x-rays. He did not, however, advise the trial court, nor does he advise us, what effect he expected to achieve by the use of the x-rays. We cannot, therefore, determine whether, in the opinion of the defendant or the defendant's doctors, there was anything in the x-rays which would have

impeached the testimony or affected the credibility of the plaintiff's doctor. It is true that ordinarily offers of proof are not required on cross-examination, but where, as here, it does not appear what benefit would be obtained from the use of rejected evidence, then we are unable to determine in what way the defendant was prejudiced. We cannot, therefore, hold, under such circumstances, that the exclusion of the x-rays constituted prejudicial and therefore reversible error. *White v. White,* 149 Colo. 166, 368 P.2d 417.

## II.

In his second assignment of error, the defendant alleges that the trial court erroneously refused to allow Dr. Stanek and Dr. Daniels to testify to the use and validity of the medical test known as a Discogram. Such a test was performed on the plaintiff, and the defendant claims that its validity was a proper subject for expert testimony and that these doctors should have been allowed to testify on this subject. Both doctors testified that they had knowledge of the test but neither had ever performed such a test himself or had ever seen one performed. The objection to hypothetical questions asked of both doctors as to the validity of the Discogram test was sustained, apparently on the grounds that these doctors were not qualified to give an opinion because they had not themselves used the test. Discogram tests are certainly within the field of competency of neurosurgeons and orthopedic surgeons and they may express their opinions regarding its validity if they know and understand the test. But once again the defendant failed to make an offer of proof to show to the trial court or this Court what the testimony of the doctors *as to the validity of the test would have been,* and we will not speculate as to what the doctors' answers might have been. *White v. White, supra.*

## III.

Finally, the defendant contends that the granting of a directed verdict for the plaintiff by the trial court

on the issue of liability was erroneous. There is little dispute in the record as to the facts surrounding the collision of May 1, 1961. The plaintiff testified that she had been stopped with her foot on the brake for approximately a minute while waiting for a line of traffic ahead of her to begin to move. The defendant testified that when he realized that the cars ahead of him were stopped he was unable to stop in time, and the front of his car collided with the rear of the plaintiff's car.

The situation here is governed by *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450, where under a state of facts singularly analogous to that here, we upheld the action of the trial court in directing a verdict for the plaintiff.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE SCHAUER concur.