No. C-467

**Doris H. Freeman and Mildred E. Freeman v.
Gentry Builders, Ltd.**

(522 P.2d 739)

Decided May 20, 1974.

Agee & Fann, Peter A. Goldstein, for petitioners.

Blakemore McCarty, Ernest O. Tullis, for respondent.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted the petition for writ of certiorari to review a limited issue in *Gentry Builders, Ltd. v. Freeman,* 33 Colo. App. 144, 517 P.2d 469 (1973). We now reverse and remand for a new trial.

The issue before us relates to the trial court's refusal to admit expert testimony on damages which arose out of an alleged breach of an implied warranty. Two expert witnesses testified that the builder of the home which the Freemans purchased failed to place voids in the nonbearing partitions of the house. As a result, cracks in the house foundation and walls developed when the expansive soil upon which the house stood became wet and exerted force against the rigid floor slab.

A contractor, who had extensive experience in constructing foundations, erecting drywalls, and building private residences, was called as an expert witness to express an opinion as to the necessary cost of repairs to correct the defects in the Freeman home. Although the contractor had considerable experience in the building trade, he had never

personally caused cuts or voids to be made in 2 x 4's to deal with the expansion problems that arise out of expansive soil conditions.

The offer of proof established that the contractor would have testified that the cost of remedying the defects was $8,000 to $10,000. The trial court sustained objections to the contractor's opinion testimony on the ground that the contractor had never personally placed voids or removed and replaced sheet rock in connection with the placing of voids. As a result of the trial court's refusal to allow the expert to give testimony relating to the cost of repairs, no evidence was admitted to establish the damages which the Freemans sustained. The trial court directed a verdict against the Freemans on the implied warranty claim, since the amount of damages was not proven.

■ Generally, the trial court's ruling on the admissibility of expert testimony is conclusive. However, if it is shown that the trial court's ruling is clearly erroneous and results in the exclusion of competent and relevant evidence from the trial, reversal is required. *Baldwin v. Shipper*, 155 Colo. 197, 393 P.2d 363 (1964); *Atencio v. Flores*, 153 Colo. 507, 385 P.2d 659 (1963); *Bridges v. Lintz*, 140 Colo. 582, 346 P.2d 571 (1959). *See Rhodig v. Cummings*, 160 Colo. 499, 418 P.2d 521 (1966).

In *Rhodig v. Cummings, supra,* we held that it was error to exclude the testimony of an expert concerning the use and validity of a specific medical test merely because the expert had not personally performed such a test.[1] The reasoning supporting that holding focused upon the expert's professional understanding and knowledge of the test, rather than his technical skill in performing the test procedures.

■ In this case, just as in *Rhodig v. Cummings, supra,* it was established that although the contractor had never personally installed voids in a housing foundation, he had

---

[1] The error was deemed to be harmless in *Rhodig v. Cummings, supra,* because no offer of proof was made which would enable this court to determine the relevance of the excluded testimony. As a result, reversal was not required.

knowledge of and fully understood both the technique of placing voids and the cost of performing such work. Moreover, the offer of proof firmly established that the contractor's testimony was not only relevant, but essential to the Freeman's case in order to show the amount of damages they actually suffered.

In our view, the trial court's exclusion of the contractor's expert testimony was clearly erroneous, resulted in prejudice to the Freeman's case, and requires reversal. *White v. White,* 149 Colo. 166, 368 P.2d 417 (1962).

Accordingly, we reverse and remand for a new trial.

MR. CHIEF JUSTICE PRINGLE does not participate.