## No. 28426

**The Alpert Corporation, a Colorado corporation v. State Department of Highways, State of Colorado**

(603 P.2d 944)

Decided December 10, 1979.

Isaacson, Rosenbaum, Spiegleman & Friedman, P.C, Harvey E. Deutsch, Edward T. Ramey, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Vicki J. Fowler, Assistant Attorney General, for defendant-appellee.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

Plaintiff Alpert Corporation (Alpert) appeals a judgment of the district court directing plaintiff to remove its outdoor advertising device. We affirm.

In early Fall, 1977, Alpert constructed an advertising device next to Interstate Highway 25 in Arapahoe County. Although the area was zoned commercial and was apparently within the requirements of the Colorado Outdoor Advertising Act (the Act), section 43-1-408(1)(d),[1] C.R.S. 1973 (1978 Supp.), the Colorado Department of Highways (Department) sent Alpert a notice of violation of section 43-1-413, C.R.S. 1973 (1978 Supp.).[2]

---

[1] "43-1-408. *Advertising devices prohibited - exceptions.* (1) No person shall erect or maintain any advertising device as defined in section 43-1-402(1), which is designed, intended, or used to advertise or to give information in the nature of advertising to the public traveling on the main-traveled way of the state highway system, as defined in section 43-2-101, unless the advertising device is erected and maintained in accordance with the provisions of this part 4. Any such advertising device which is visible to motorists traveling on the main-traveled way of the state highway system shall be presumed to be of the type prohibited in this part 4. The following shall be exempt from the provisions of this section:
. . .
"(d) Advertising devices which are located in areas which are zoned industrial or commercial under authority of state law. Advertising devices which are more than six hundred sixty feet off the nearest edge of the right-of-way, located outside urban areas as such areas are defined in title 23, section 101, United States Code, visible from the main-traveled way of the system, and erected with the purpose of their messages being read from such main-traveled way are prohibited. Advertising devices beyond six hundred sixty feet of the right-of-way which were lawfully erected under state law prior to January 4, 1975, shall be compensated for and removed as provided in sections 43-1-422 and 43-1-423 not before January 1, 1979."

[2] "43-1-413. *Permits - exceptions.* (1) On and after January 1, 1971, no person, whether engaged in the business of outdoor advertising or not, shall display, use, or maintain any advertising device except for those advertising devices described in subsection (2) of this section, without first obtaining a permit therefor as provided in this part 4. No person may obtain a permit for an advertising device which was not in existence on January 1, 1971.
"(2) The following advertising devices shall not require permits under this part 4:
. . .
(c) Advertising devices which are located in areas which were zoned industrial or commercial under authority of state law prior to January 1, 1970, and which are within six hundred sixty feet of the right-of-way."

Alpert applied to the district court in Arapahoe County for appropriate relief under section 43-1-411, C.R.S. 1973, as an aggrieved party who had received notice of violations of the Act. Alpert argued that its sign was permitted by section 408 of the Act; that if section 413 prohibited the sign, the statutory provisions were in direct conflict; and that such a conflict would render the Act ambiguous to a degree that its enforcement denied Alpert due process of law. We uphold the trial court's finding that sections 408 and 413 are not in conflict, and that one section merely limits the other.

Alpert relies on section 408 to support its contention. The section generally prohibits outside advertising along state highways. However, advertising devices located in industrial or commercial areas are exempt from the provisions of the section so long as the devices conform with other provisions of the Act. Section 408 was adopted by the General Assembly in 1966 as part of a moratorium on the erection of new signs. Colo. Sess. Laws 1966, ch. 14, sec. 2 at 25.

In 1970, the legislature adopted a permit system for maintaining existing signs and set cut-off dates for zoning exemptions and construction of new signs. The Department maintains that Alpert must comply with section 413 which establishes the permit system. Under its terms, no person may obtain a permit for an advertising device which was not in existence on January 1, 1971. The same section requires all persons maintaining advertising devices in existence on January 1, 1971, to obtain a permit for continued use unless the area in which the sign is located was zoned commercial prior to January 1, 1970. The area in which Alpert's sign is located was zoned for commercial use after January 1, 1970.

The question is whether Alpert's sign comes within section 413, requiring a permit before a sign could be constructed and, if so, whether Alpert could have obtained a permit. Since Alpert's sign was not built until 1977, and then in an area zoned commercial after January 1, 1970, it was not possible under section 413 for Alpert to obtain a permit or build the sign.

This construction gives effect to both sections 408 and 413. Our holding does not impose an unfair burden on Alpert because Alpert had notice of possible limitations to section 408 from the language of the section. If provisions of the statute may be construed so that an inconsistency will be avoided, it is the duty of the court to so construe them.

*People v. James,* 178 Colo. 401, 497 P.2d 1256 (1972). Because the provisions of the statute may be harmonized by construing the statute as a whole, the statute is not unconstitutionally vague. *People ex rel. Dunbar v. Gym of America, Inc.,* 177 Colo. 97, 493 P.2d 660 (1972).

Alpert's advertising device is not exempted from the permit requirements of section 43-1-413, C.R.S. 1973, and does not qualify for a permit under the Act. The trial court properly ordered Alpert to remove the advertising device.

Judgment affirmed.

JUSTICE LEE does not participate.