**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner-Appellee,**

v.

**George W. PIGG and Louise F. Pigg, Respondents-Appellants.**

**No. 80CA0959.**

Colorado Court of Appeals, Div. I.

Aug. 12, 1982.

Rehearing Denied Oct. 14, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Thomas W. Gibb, Asst. Sol. Gen., Denver, for petitioner-appellee.

Ware & Marroney, David E. Ware, Pueblo, for respondents-appellants.

VAN CISE, Judge.

In this eminent domain proceeding brought by the Colorado State Department of Highways (Department) under the "Outdoor Advertising Act," § 43–1–401 et seq., C.R.S.1973 (the Act), George W. and Louise F. Pigg (landowners) appeal, as an inadequate award, the rule and order entered by the trial court based on the commissioners' certificate of ascertainment and assessment for the taking of landowners' right to maintain nonconforming advertising devices on 21 sign sites located on their property. We affirm.

Since 1956, landowners have owned property abutting both sides of Interstate Highway 25 south of Pueblo. Twenty-one billboards were situated on the property when they purchased it, and they subsequently leased these billboards to various sign companies for advertising purposes. Under the Act, these billboards became "non-conform-

ing advertising devices." Sections 43–1–422(1) and 43–1–403(12), C.R.S.1973. As such, on obtaining an annual permit, § 43–1–213 through 43–1–215, C.R.S.1973, they could "continue to be maintained" on the same land area, but the area could not be increased and the device itself could not be enlarged or changed in any aspect or character. Section 43–1–422(2), C.R.S.1973. The Act further provided that no new devices could be erected or maintained, § 43–1–408(1), C.R.S.1973, and the nonconforming devices were subject to acquisition and removal by the Department on payment of just compensation. Section 43–1–423, C.R.S.1973.

Section 43–1–423(3), C.R.S.1973, provides: "Just compensation shall be paid for each nonconforming advertising device which was lawfully in existence on July 1, 1971. . . . Just compensation shall be paid for the taking, from the owner of the advertising device, of all right, title, leasehold, and interest in the advertising device and for the taking from the owner of real property on which the advertising device is located, and of the right to erect and maintain the advertising device."

In 1974, the Department purchased the interests of all of the lessees of the billboards then existing on the landowners' property and then exercised the cancellation rights contained in the leases. Being unable to agree with the landowners as to the value of their interest, the Department commenced this condemnation proceeding. It did not ask for or obtain any interest in the real property underlying the signs. In its petition, it sought a determination of the "just compensation" to be paid the landowners for any interest they might have in the "right to erect and maintain the advertising devices."

A commission of three freeholders was appointed pursuant to § 38–1–105, C.R.S. 1973. In determining the instructions to be given to the commissioners at the start of the hearing, the trial court rejected the landowners' tendered instructions to the effect that the property being taken and to be valued was "the *right to erect and maintain* advertising devices on the sign sites." Instead, over the landowners' objections, the court instructed that the right being taken was "the *right to maintain* the nonconforming advertising devices." On those instructions and on the evidence presented, the commissioners in their certificate of ascertainment and assessment placed a $17,900 valuation on the property taken as of January 28, 1975, the stipulated date of possession and taking. In its rule and order, the trial court in effect approved the commissioners' certificate, and decreed that the right to maintain the 21 nonconforming devices had been acquired and taken by, and that title thereto was vested in, the Department.

On appeal, the landowners contend that the court erred by refusing to give their tendered instructions, in that the right to erect and the right to maintain are separate rights, and that the general assembly intended them to be compensated for both. They further assert that deletion of the words "to erect" in the instructions given resulted in an improper award of compensation, as they were entitled to be compensated both for the right to erect signs in existence and those not in existence at the time of the proceedings. We disagree.

Section 43–1–403(5) and (9), C.R.S.1973, defines "erect" as "to construct or allow to be constructed," and "maintain" as "to preserve, keep in repair, continue, or replace an advertising device."

The Act is in essence a rezoning statute, restricting the use of outdoor advertising on property adjacent to state and federal highways. It was enacted as, and its enforcement is, a valid exercise of the police power. *State Department of Highways v. Davis*, 626 P.2d 661 (Colo.1981). Valid restrictions imposed on the use of property, such as the denial here of a right to erect new advertising devices, *Alpert Corp. v. State Department of Highways*, 199 Colo. 4, 603 P.2d 944 (1979), do not require compensation. *Davis, supra.*

When these proceedings were instituted, the landowners no longer had a right

to erect. They had only a right to maintain nonconforming devices, and then only if annual permits were obtained. They were entitled to "just compensation" only for the right which they had at time of condemnation, the right to maintain the pre-1971 signs.

The landowners also contend that the commission erred in allowing Mr. Pigg to give only a flat figure ($200,000) as his valuation of the property being condemned, and in not allowing him to explain how he arrived at that figure. We find no error.

■ An owner may state his opinion of the reasonable market value of his own property without having to be qualified as an expert witness. However, this opinion is not admissible where it is based on improper considerations. *DURA v. Hayutin,* 40 Colo.App. 559, 583 P.2d 296 (1978) (cert. granted August 28, 1978; cert. dismissed pursuant to stipulation January 26, 1979).

■ Here, Mr. Pigg, as owner, was allowed to state his opinion as to the value of his interest in the 21 signs and sites. Then, when he began to testify to the specific elements of damages, an objection was made and sustained on the ground that a proper foundation had not been laid. No offer of proof was made thereafter. Absent such offer, we are unable to determine whether the refusal to permit the witness to answer would have prejudiced his case and, therefore, cannot consider the ruling as error. *White v. White,* 149 Colo. 166, 368 P.2d 417 (1962).

■ Contrary to the landowners' contention, the commission is empowered to make its own evidentiary decisions without having to seek the aid of the trial court. *Aurora v. Webb,* 41 Colo.App. 11, 585 P.2d 288 (1978).

■ As the other issues raised on appeal were not raised in the motion for new trial, they will not be considered on review. C.R. C.P. 59(f); *Furer v. Allied Steel Co.,* 174 Colo. 171, 483 P.2d 212 (1971).

Order affirmed.

COYTE and TURSI, JJ., concur.