No. 84-394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

PRICE BUILDING SERVICE INC.,

Plaintiff and Respondent,

-vs-

JOHN CHRISTENSEN, d/b/a
J.C. TILE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Timothy D. Geiszler, Missoula, Montana

For Respondent:

Milodragovich, Dale & Dye; Michael J. Milodragovich,
Missoula, Montana

Submitted on Briefs: Dec. 7, 1984

Decided: April 8, 1985

Filed: APR 8 - 1985

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant appeals a judgment entered by the Missoula County District Court in favor of Price Building Service in its action for breach of warranty. Following a nonjury trial, Price was awarded $10,872.13 plus interest, fees and costs in a judgment dated June 8, 1984. Christensen appeals raising certain questions concerning the trial court's admission of expert testimony.

This lawsuit was initiated by the general contractor, Price, against its subcontractor, Christensen, for damages resulting from a defective tile floor installed in the construction of the Missoula Arby's restaurant. Several months after the building was complete, the tile flooring came loose in several places.

Price claimed that the problem was caused by defective bonding of the "thin-set" mortar and that the tile subcontractor, Christensen, was responsible. Christensen refused to replace the flooring as it was his position that the concrete slab surface to which the tile was bonded had settled. Christensen argued that this settling caused the tile to buckle and spring loose. After the owner, Arby's, threatened legal action against the general contractor, Price demanded Christensen replace the floor. Christensen eventually submitted a bid for the replacement, but Price contracted with another tile company who submitted a lower bid to do the work. This lawsuit was filed against Christensen to recover the costs of the repair work.

I

Christensen's primary issue on appeal is whether Kevin Price was properly allowed to testify as an expert witness under Rule 702, Mont.R.Evid. Kevin Price was an employee of the plaintiff contracting company and was generally responsible for supervising the various construction projects that were undertaken. Price has a high school education but no technical training in tile-laying. He had worked as a general laborer for the company before assuming his office responsibilities. Experience in tile-laying was gained through supervising subcontractors and preparing for the present litigation.

Christensen takes exception to Kevin Price expressing his opinion of the cause of the tile failure. Appellant asserts that the trial court abused its discretion in allowing the testimony under Rule 702, Mont.R.Evid. This rule of evidence, adopted verbatim from the modern federal rule, provides as follows:

> "Testimony by experts. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Christensen's appeal takes several tacks. First, it is argued that Price had no education, training or personal skill or experience with regard to tile installation. Secondly, appellant points out that the only expertise Price had was gained in preparation for this trial. The first contention is not supported by the record. The second contention may be true, but we find no legal support, nor does appellant provide such, for the proposition that one cannot become a

3

Rule 702 expert through knowledge gained in preparation for litigation.

Of greater importance to the issue is the standard of review to be applied to the expert witness determination by the trial court. Appellant acknowledges that a determination of whether an expert witness is properly qualified is within the discretion of the trial judge. Haynes v. County of Missoula (1973), 163 Mont. 270, 290, 517 P.2d 370, 381. Absent a showing of abuse, the trial court's determination that a witness is qualified to testify as an expert will not be disturbed.

The District Court Judge in this case stated:

> "I find that this witness has met the threshold level to testify as an expert. He has read enough and spoken to enough knowledgeable people and he deals with it on a reasonably--not daily, but periodic basis that I will allow him to testify as an expert on what he believes to be the cause of the tile failure."

This pronouncement followed several objections to opinion testimony by appellant's counsel that were sustained before a proper foundation was laid. The following dialogue preceded the witness being qualified as an expert:

> "Q. [Plaintiff's Counsel] In the past, have you, in terms of performance of other jobs, discussed methods and manners of laying tile with tile contractors?
>
> "A. [Price] Yes.
>
> "Q. As a matter of fact, have you used Mr. Christensen to lay tile in other jobs that you've had?
>
> "A. Yes.
>
> "Q. Have you discussed matters such as this with Mr. Christensen?
>
> "A. It's been several years ago, but I'm sure we did it from time to time.

4

"Q. And with other tile contractors as well?

"A. Yes.

"Q. And as a part of those discussions, have you discussed appropriate ways and proper ways to install given types of tile in given types of circumstances?

"A. Yes, we have.

"Q. Have those discussions also included the nature of, for example, surface preparation that needs to be done for proper tile installation?

"A. Yes.

". . .

"Q. With respect to the potential problems that occur on a job site, have you discussed with tile contractors that are working for you the nature of problems that can occur if a preliminary step is not done properly by either the artisan or perhaps some other subcontractor that you've got?

[Objection]

"A. Yes, we have, as far as preparation of the surface to receive the tile and whatnot.

"Q. And apparently you've also discussed methods of determining where tile is loose; is that correct?

[Objection]

"A. Yes, we have.

"Q. And . . . you apparently had some tile problems in other jobs that you've had; is that correct?

"A. Very minor ones, yes.

"Q. And I think you indicated they weren't to this magnitude, but there were other tile problems; is that true?

"A. Yes.

"Q. And I would presume as far as those problems are concerned, that you had to conduct some inquiry to determine the nature of the failure so that it wouldn't happen again; isn't that true?

5

"A. Yes.

"Q. And is the nature of the experience
that you've had in excess of that that
the ordinary layman or home handyman
would have in terms of technical knowl-
edge and compliance with specifications
and that type of particular knowledge?

"A. Yes."

On the basis of this foundation, the lower court qualified the witness.

We are somewhat concerned that this witness was allowed to express his opinion on a skill to which he had no practical or personal involvement prior to preparation for trial. But the fact that we would reach a different conclusion on the determination than that of the trial court does not render the trial judgment infirm. The trial court's ruling must be upheld unless shown to be clearly erroneous. Rule 52, M.R.Civ.P. This Court will not overturn the holdings or findings of a trial court simply because the evidence furnishes reasonable grounds for different conclusions. Morgen & Oswood Const. Co. v. Big Sky of Mont. (1976), 171 Mont. 268, 557 P.2d 1017. This adage is particularly justified here, where the trial judge had the benefit of observing the witness's demeanor and credibility while we are reviewing a lifeless record.

Two Colorado appellate decisions illustrate the degree of discretion trial courts have in resolving Rule 702 determinations. In Sundance Develop., Inc. v. Standard Lbr. & Hard. Co. (Colo.App. 1974), 520 P.2d 1056, the owner of recently constructed tennis courts sued the contractor who installed fences around the courts after the fences were wind-damaged. The plaintiff attempted to qualify as an expert a vice president of a firm that built tennis courts,

such that this individual could testify on the cause of the tennis fence failure. The trial court excluded the testimony after the expert conceded he had little personal experience in the construction of fences because, in his firm, work of that nature was performed by subcontractors. This decision was upheld by the court of appeals which applied a "clearly erroneous" standard similar to Montana's standard set forth above. The Sundance court noted that the witness was generally knowledgeable with respect to tennis court construction but lacked knowledge and expertise in the matter at issue--construction of fences around tennis courts.

A trial court's ruling on expert testimony was ultimately reversed by the Colorado Supreme Court in Freeman v. Gentry Builders, LTD. (Colo. 1974), 522 P.2d 739. In this case owners of a home with alleged defects attempted to qualify a foundation contractor as an expert to testify on the cost of repairing defects to the home generally. The trial court excluded the testimony because the contractor had bid many repair jobs but not the particular type of job required by the home's defects (placing voids in the partitions of the home). The court of appeals affirmed, Gentry Builders, LTD. v. Freeman (Colo.App. 1973), 517 P.2d 469, but the Supreme Court reversed. The Supreme Court found the trial court ruling clearly erroneous as the foundation contractor had considerable experience in the building trade:

> ". . . if it is shown that the trial court's ruling is clearly erroneous and results in the exclusion of competent and relevant evidence from the trial, reversal is required." 522 P.2d at 740.

These two cases indicate the general rule followed across this country that the lower court decision will be upheld unless there has been some clear error. In the case

at bar, the trial judge was presented with sufficient evidence of Kevin Price's competence to justify the Rule 702 determination. The opinion as to the tile failure was properly admitted and questions as to Price's depth of knowledge or personal interest in the outcome are matters that properly affect the weight and reliability of the testimony, not its admissibility.

## II

A second issue raised by appellant concerns the findings of fact made by the trial court. It is contended that Findings of Fact Nos. 9, 10, 12 and 13 are not supported by substantial credible evidence, and the judgment must be reversed.

As noted above, findings of fact are not to be disturbed in a nonjury civil action unless clearly erroneous. Rule 52, M.R.Civ.P. Minor discrepancies do not provide grounds for reversal. Matos v. Rohrer (Mont. 1983), 661 P.2d 443, 450, 40 St.Rep. 366, 375.

Finding of Fact No. 9 states:

> "Although there may have been slab movement, this movement was minimal and did not contribute to the tile separation."

Appellant's exception to this finding goes to the heart of the lawsuit. Appellant believes that the evidence, particularly the testimony of his expert witnesses, supports a different conclusion--that the slab movement caused the tile floor failure.

To comprehensively review such a finding would usurp the role of the trier of fact. Substantial evidence was presented that supports the "minimal slab movement" finding.

The tile subcontractor who replaced the flooring testified on the condition of the slab and Kevin Price testified on the condition of adjoining walls, door jams and other indicators of whether there was substantial settling of the floor. The mere fact that some tiles buckled upwards and 1/16 to 1/8 inch cracks were found in the concrete slab do not establish the conclusion appellant desires.

Finding of Fact No. 10 states in part that defendant Christensen did not "beat in" the ceramic tile. Beating in tile is a technique whereby the subcontractor "sets" the ceramic in the underlying bonding agent. There was voluminous testimony offered at trial concerning the manufacturer's recommendation and customary practice in the industry. This finding of fact is not technically correct as Christensen did in fact beat in the tile. He just did not beat in the tile as much as recommended. The subcontractor and other tile layers testified that they routinely did not beat in tile as much as recommended by the manufacturer as this was an impractical standard. The discrepancy in the finding does not merit a new trial under the dictates of Matos v. Rohrer, 661 P.2d at 450.

Similarly, the claimed error of Finding of Fact No. 12 is without substantive significance. In this finding the trial judge speculated that an inadequate amount of bonding agent, among other possibilities, may have been the cause of separation of the ceramic mosaics. The lower court went on to conclude in Finding of Fact No. 13 that the separation was due to a defect in workmanship by Christensen.

Appellant claims that no testimony was offered in support of the inadequate amount of mastic (the bonding agent) theory. We have reviewed the record in detail and

9

find the court's finding to be a reasonable inference from what evidence was submitted to the court. In any case, the finding was not essential to the court's ultimate conclusion of defective workmanship. Appellant attacks this conclusion as vigorously as the causation Finding No. 9; yet we hold both findings are supported by substantial evidence.

The judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:

I dissent. The trial judge was clearly erroneous in permitting Price to testify as an expert on the cause of the ceramic tile popping up.

A witness who is not an expert may give his opinions or inferences if they are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of his testimony or the determination of a fact initial. Rule 701, Mont.R.Evid.

An _expert_ witness must be qualified "by knowledge, skill, experience, training, or education" and his specialized knowledge must be such as to assist the trier of fact to understand the evidence or to determine a fact in issue. Rule 702, Mont.R.Evid.

Price's "qualifications" as an expert in problems of loose ceramic tile, as those qualifications appear from the portion of the transcript cited by the majority, are insubstantial on their face. "_Methods_ of determining where tile is loose" is a far cry from determining _why_ tile is loose; experience with "very minor" loose tiles does not qualify one to be an expert in why the whole of a tile floor popped up. The trial court clearly abused its discretion by considering Price an expert on the basis of mere conversations with other contractors on unspecified subjects of tile-laying. In truth, the District Court did not abuse its discretion because it had no discretion to exercise. The qualification of the expert utterly failed.

Rule 702, Mont.R.Evid., permits the admission of expert testimony whenever it will aid the trier of fact, but the admission of such evidence must be weighed against the other

party's right to a fair trial. United States v. Brown (6th Cir. 1977), 557 F.2d 541.

Christensen did not get a fair trial in this case. Once the District Court permitted Price to testify as an expert, Price then offered and had admitted into evidence exhibits which were nothing more than hearsay. They were admitted because of Rule 703, Mont.R.Evid., which permits facts or data upon which an expert relies to be introduced. The worst example is Price's exhibit 10, a letter to Price from the Tile Council of America. The letter stated that an examination of the tile samples taken from the restaurant revealed that Christensen used either a worn-out trowel or a trowel of incorrect size. It also stated that Christensen may have used an insufficient amount of mortar or in the alternative, failed to sufficiently press the tile into the mortar bed. The District Court relied on the latter portion of exhibit 10 in holding that Christensen had failed to "beat into" the mortar bed the tile he was installing.

The finding of fact of a district court is "clearly erroneous" under Rule 52(a), when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co. (1948), 333 U.S. 364, 394-395, 68 S.Ct. 525, 541-542, 92 L.Ed. 746, 765-766.

Thus, as a supposed expert, Price was able to get into evidence exhibits and documents whose authors were not available for Christensen to cross-examine. Price produced no other expert but himself. The whole procedure offends my notions of fair play.

                                    John C. Sheehy
                                    ————————————————
                                         Justice

- 12 -